UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK N. PATILLO,

      Defendant-Petitioner,

                              Civil Case No. 04-74533
                              Criminal Case No. 02-80810

v.

UNITED STATES OF AMERICA,          HONORABLE DENISE PAGE HOOD

      Plaintiff-Respondent.
_____/

**MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255**

**I.    INTRODUCTION**

On April 17, 2003, Petitioner pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), and discharge of a firearm during the subsequent police chase, in violation of 18 U.S.C. § 924(c). On November 20, 2003, the Court sentenced Petitioner to a 308-month term of incarceration. Petitioner did not file a direct appeal.

This matter is currently before the Court on Petitioner's Motion to Vacate Conviction Under 28 U.S.C. § 2255, filed November 18, 2004. Petitioner alleges his Sixth Amendment trial by jury right was violated because of facts used in connection with his sentencing. Petitioner also claims ineffective assistance of counsel resulted in a denial of due process. For the reasons set forth below, the Court finds Petitioner's arguments do not support vacating his sentence.

**II.    STANDARD OF REVIEW**

    **A.    The Right to a Trial by Jury**

On January 12, 2005, the Supreme Court issued a landmark opinion concerning the United

States Sentencing Guidelines. *United States v. Booker*, 125 S.Ct. 738 (2005). The Court addressed whether the Sixth Amendment's guarantee of a right to a trial by jury is violated when enhanced sentences are imposed upon the sentencing judge's determination of a fact that was not found by the jury nor admitted by the defendant. Answering in the affirmative, the Court opined that the Sentencing Guidelines are "advisory," and that any fact necessary to support a sentence "exceeding the maximum authorized by the facts" established by a guilty plea or a jury verdict must be either "admitted by the defendant," or "proved to a jury beyond a reasonable doubt." The Court did not hold the entire Sentencing Guidelines framework unconstitutional.

Given the above, the Court's next task was to determine the remedy of its holding. In answering this question, the Court held that most of the provisions of the Sentencing Guidelines are still valid. *See, e.g.,* 18 U.S.C. § 3551 (authorizing sentences as probation, fine, or imprisonment); 18 U.S.C. § 3552 (providing for the preparation of presentence reports); 18 U.S.C. § 3554 (forfeiture); 18 U.S.C. § 3555 (notification to victims); 18 U.S.C. § 3583 (supervised release). However, *Booker* did excise two sections of the Sentencing Guidelines. *See* 18 U.S.C. §§ 3553(b)(1) and 3742(e). Section 3553(b)(1) provided the sentencing judge with an enhancement provision allowing for a finding of aggravating or mitigating circumstances of a kind or degree not adequately taken into consideration by the Sentencing Guidelines. The Supreme Court cautioned that it did not "believe that every sentence gives rise to a Sixth Amendment violation. Nor . . . that every appeal will lead to a new sentencing hearing. That is because we expect reviewing courts to apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain error' test." *Booker*, 125 S.Ct. at 767.

### B. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is properly raised by a motion under 28 U.S.C. § 2255. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue."); *Massaro v. United States*, 538 U.S. 500 (2003). Petitioner's claim of ineffective assistance of counsel was appropriately brought by filing the Motion presently before the Court under § 2255. *United States v. Galloway,* 316 F.3d 624, 634 (6th Cir. 2003).

The Supreme Court set out the standards by which to judge an ineffective assistance of counsel claim in *Strickland v. Washington,* 466 U.S. 668 (1984). First, Petitioner must show that trial counsel's performance was deficient. *Id.* at 687. Under the first prong, the standard for attorney performance is "reasonably effective assistance." *Id.* Petitioner must show that trial counsel's representation fell below an objective standard of reasonableness; the inquiry must focus on "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 689; *see also, Campbell v. Coyle,* 260 F.3d 531, 551 (6th Cir. 2001). The *Strickland* Court cautioned that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* At 689, *citing, Michel v. Louisiana,* 350 U.S. 91, 101 (1955). Second, Petitioner must show that the deficient performance prejudiced the defense, which, but for the deficiency, the outcome of the proceedings would have been different. *Strickland,* 466 U.S. at 694.

### III. APPLICABLE LAW & ANALYSIS

#### A. Trial by Jury

The Supreme Court made it expressly clear that *Booker* only applies when the relevant conduct has not been found by a jury or admitted to by the defendant. *Booker*, 125 S.Ct. at 756. In this instance, Petitioner pled guilty to two offenses. The Court utilized only the information admitted by Petitioner in his plea agreement and plea colloquy in fashioning a sentence. *Booker* is therefore inapplicable and the Court finds Petitioner has not asserted a viable Sixth Amendment violation.

#### B. Ineffective Assistance of Counsel

The Court finds Petitioner cannot satisfy the second prong of the *Strickland* analysis. Consideration of the first requirement is accordingly unnecessary. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."). Petitioner is required to show that his trial counsel's errors actually prejudiced his defense. The requisite showing is that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Petitioner bears this burden. *Id.* It is:

> [N]ot enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome determines the reliability of the result of the proceeding.

*Strickland*, 466 U.S. at 693. What Petitioner must do, in accordance with *Strickland*, is "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner cannot meet this burden in this instance. Petitioner had been apprehended during

the commission of his crime, confessed while in custody, and faced the prospect of his co-defendants testifying against him. It can be argued, as the Government does, that Petitioner's counsel would have provided ineffective assistance of counsel had he advised Petitioner to *reject* the plea offer and face the maximum mandatory penalties of nearly 100 years of imprisonment. Nor does Petitioner seek the proper remedy for any alleged ineffective assistance of counsel: the withdrawal of his guilty plea and a subsequent trial by jury. The Court finds Petitioner has not demonstrated ineffective assistance of counsel, and dismisses his Petition.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

Accordingly,

IT IS ORDERED that Petitioner's Motion to Vacate Conviction Under 28 U.S.C. § 2255 **[Docket No. 86, filed November 18, 2004]** is DENIED.

IT IS FURTHER ORDERED that this matter is DISMISSED.

    /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: July 25, 2005